UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:22-CR-017-CHB-1 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSE LUIS BARATA VASQUEZ, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on four motions filed by Defendant Jose Luis Barata Vasquez. First, Vasquez filed a Motion to Sever, [R. 264]. The United States promptly filed a response in opposition, [R. 267]. The Court then entered an order expediting Defendant Vasquez's reply, [R. 269]. No reply has been filed and the time to do so has expired. Vasquez next filed a Motion to Dismiss for Violation of Speedy Trial ("Motion to Dismiss"), [R. 290], and a Motion to Exclude Untimely Disclosed Evidence, [R. 293]. The United States filed a response to both motions, [R. 300], and Vasquez replied, [R. 304]. The Court ordered supplemental briefing. [R. 305]. The United States has since filed its Supplemental Response, [R. 308], and Vasquez failed to timely file a Supplemental Reply. However, he has now filed a Motion for Leave to File Supplemental Reply out of Time, [R. 310], which the Court will grant. As for the remaining motions, each of which is ripe for review, the Court will deny the Motion to Sever, [R. 264]; deny the Motion to Dismiss, [R. 290], and deny the Motion to Exclude Untimely Disclosed Evidence, [R. 293].

## I.     BACKGROUND

This case arises from a single-count multi-defendant Indictment. [R. 1 (Indictment)]; *see also* [R. 54 (Superseding Indictment)]. On March 24, 2022, Defendant Vasquez and three other co-defendants were charged with a single count of conspiring to knowingly and intentionally distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [R. 1]. On April 28, 2022, the Grand Jury returned a Superseding Indictment adding seven other co-defendants and a forfeiture allegation. [R. 54]. Like the initial Indictment, the Superseding Indictment joined these defendants on a single count: conspiring to knowingly and intentionally distribute a quantity of pills containing oxycodone. *Id.* Defendant Vasquez's initial appearance and arraignment on the Superseding Indictment took place on May 10, 2022. [R. 70]. The matter remained set for trial on May 31, 2022. [R. 70].

On May 13, 2022, the United States filed its first Motion to Continue, noting that one defendant (Christopher King) had not yet been arrested or arraigned, no defendant had requested severance nor was severance appropriate, and voluminous discovery was involved. [R. 91]. In that same motion, the United States asked the Court to declare the matter complex pursuant to 18 U.S.C. § 3161(h)(7)(B). *Id.* at 2. At the Court's direction, the United States also filed a supplement to explain why the case should be considered complex. [R. 128; R. 129]. With the exception of Vasquez, all Defendants either responded without objection or failed to respond, which was construed as a lack of objection. *See* [R. 130, p. 1–2]. Vasquez, however, objected to the continuance due to the delay caused by the Superseding Indictment. [R. 123]. He did not, however, object to the United States' request to declare the case complex. *See* [R. 130, p. 3 n.4].[1]

---

[1] In his Motion to Dismiss, Vasquez incorrectly states that he "filed a response to the government's motion, objecting to the continuance, and declaring his case complex." [R. 290, p. 3]. This is an inaccurate statement, as is apparent on the face of the record. *See* [R. 123].

The Court ultimately granted the motion, finding the case complex after citing to the following facts: the case involved eleven defendants; the underlying conspiracy involved a Louisville-based drug trafficking organization that allegedly distributed upwards of 100,000 oxycodone pills to persons in multiple Eastern Kentucky counties; the investigation into this conspiracy had lasted over a year and involved multiple law enforcement agencies, based both in and outside of Kentucky; there was voluminous discovery stemming from this investigation; and said discovery was still growing and included pole camera video surveillance, search warrants, bank records, ping data, recorded interviews, and at least two Title III wiretaps. *Id.* at 2–3. The Court also overruled Vasquez's objection to the continuance, noting that continued incarceration alone was insufficient to deny the continuance and the complexity of the case required additional time for trial preparations. *Id.* at 3–4. The Court therefore granted a continuance, noting the complexity of the case under 18 U.S.C. § 3161(h)(7)(B) and the fact that one co-defendant was still unavailable. *Id.* at 4. The trial was rescheduled for August 30, 2022. *Id.* at 5.

On August 3, 2022, Defendants Christopher King and Allison Renee Rogers filed Motions to Continue. [R. 173; R. 176]. Defendant Vasquez objected; no other defendant objected. *See* [R. 189]. The Court granted a continuance, citing to its prior order declaring the case complex and explaining that "this case is so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161." [R. 190, p. 4]. In doing so, the Court overruled Vasquez's objection, explaining that he had failed to state any basis for denying the motion and continued incarceration, without more, was insufficient, especially in a complex case. *Id.* at 2. The Court also noted that co-defendant King had only recently been detained and able to meet with his hired counsel. *Id.* The trial was rescheduled for November 1, 2022. *Id.* at 3.

On October 10, 2022, Defendant Kaid Rogers filed a Motion to Continue. [R. 209].
Defendant Vasquez objected; no other defendant objected. *See* [R. 225]. The Court granted the
continuance, citing to the Court's prior order declaring the case complex and finding that "this
case is so unusual or so complex that it is unreasonable to expect adequate preparation for
pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161."
[R. 226, p. 3]. In doing so, the Court overruled Vasquez's objection, explaining that he had failed
to state any basis for denying the motion and continued incarceration, without more, was
insufficient, especially in a complex case. *Id.* at 2. The trial was rescheduled for January 31,
2023. *Id.*

On December 22, 2022, Defendant Samuel Barger filed a Motion to Continue, [R. 227].
Defendant Vasquez objected; no other defendant objected. *See* [R. 236]. The Court granted the
continuance, again citing to its prior order declaring the case complex and finding that "this case
is so unusual or so complex that it is unreasonable to expect adequate preparation for pretrial
proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161."
[R. 241, p. 3]. In doing so, the Court overruled Vasquez's objection, explaining that he had failed
to state any basis for denying the motion and continued incarceration, without more, was
insufficient, especially in a complex case. *Id.* at 2. The trial was rescheduled for April 11, 2023.
*Id.* at 2.

On March 10, 2023, Defendant Alexey Barata Hernandez filed a Motion to Continue,
[R. 261]. Defendant Vasquez objected; no other defendant objected. *See* [R. 263]. Defendant
Vasquez also filed the present Motion to Sever, [R. 264]. The Court granted the continuance,
again citing to its prior order declaring the case complex and finding that "this case is so unusual
or so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or

4

for the trial itself within the time limits established by 18 U.S.C. § 3161." [R. 284 pp. 2–3]. In doing so, the Court again overruled Vasquez's objection, explaining that he had failed to state any explanation or support for his arguments that the Court's prior orders were "in error" and certain discovery should be excluded. *Id.* at 2. Further, the Court again explained that continued incarceration, without more, was an insufficient basis for denying a continuance. *Id.* The trial has now been rescheduled for July 24, 2023. *Id.*

In its order granting Defendant Hernandez's Motion to Continue, the Court explained that it would rule on Vasquez's Motion to Sever by separate order. *Id.* The Court was prepared to enter an order disposing of that motion on April 10, 2023. *See* [R. 292]. However, Vasquez filed his Motion to Dismiss that same day. [R. 290]. Given the overlapping issues in the Motion to Sever and the Motion to Dismiss, the Court refrained from ruling on the Motion to Sever until the Motion to Dismiss ripened. *Id.* Shortly thereafter, Vasquez filed his Motion to Exclude Untimely Disclosed Evidence, [R. 293]. The three pending motions are now ripe. [R. 267; R. 300; R. 304; R. 308; R. 310-1].

Meanwhile, on March 29, 2023, United States Magistrate Judge Hanly A. Ingram conducted a telephonic status conference "regarding progress of discovery and potential scheduling issues." [R. 288 (Status Conference Minutes)]. During that call, the United States explained that they "just got a load of materials" the week prior, including "phone dumps" that had recently been translated from Spanish, a phone dump from Defendant Christopher King, and some redacted proffers. *Id.*  The United States advised that it would provide these materials to defense counsel within two weeks and would also "separate the relevant portions of the pole-camera videos for the defense." *Id.* Given the amount of discovery forthcoming at that time,

Vasquez's counsel requested that new defensive-motions deadlines be set. *Id.* The Court granted that request and allowed any defensive motions to be filed on or before May 19, 2023. *Id.*

The Court has since entered several orders directing the United States to provide status updates on the progress of discovery. *See* [R. 291 (Order for Status Report); R. 292 (Order for Status Report); R. 296 (Order for Status Report); R. 301 (Show Cause Order); R. 303 (Order for Status Report)]. The United States has responded to those orders. *See* [R. 294 (Status Report); R. 300 (Response to Motion to Dismiss, Motion to Exclude); R. 302 (Response to Show Cause Order); R. 309 (Status Report)]. Defendants were provided an opportunity to seek relief from the Court if they took issue with the United States' description of its discovery production. [R. 303]. No defendant sought any such relief.

## II.   ANALYSIS

In his Motion to Sever, Defendant Vasquez argues that "he has shown compelling, specific, and actual prejudice by delays in bringing him to trial within the time frame of the Speedy Trial Act; (sic) as well as, generally, his rights pursuant to the Sixth and Fifth Amendments to the United States Constitution."[2] [R. 264, p. 2]. He also incorporates the arguments made in his recent objections, [R. 263], to the Motion to Continue filed by co-defendant Alexey Barata Hernandez, [R. 261]. *See* [R. 264, p. 1 ("Vasquez incorporates by reference, as if set forth herein, his Response to Motion to Continue Trial.")]. In those objections, Vasquez again asserts his right to a speedy trial, and in doing so, he challenges this Court's earlier finding that this case is complex and its prior orders overruling his objections to continuing the trial. *See* [R. 263].

---

[2] Vasquez alleges that the Court recognized that he has shown such prejudice "in two previous orders," but fails to cite to any such orders. *See* [R. 264, p. 2]. To be clear, the Court has not previously ruled on a motion to sever in this case, and the Court has certainly not "recognized in two previous orders" that Vasquez "has shown compelling, specific, and actual prejudice." *Id.*

Vasquez's sole basis for seeking severance appears to be delay—and more specifically, delay that may infringe upon his right to a speedy trial under the Speedy Trial Act and the United States Constitution. As a result, the Court must consider whether the delays in this case pose a risk to Vasquez's statutory or constitutional right to a speedy trial. These issues directly overlap with the issues raised in Vasquez's Motion to Dismiss. [R. 290]. In that motion, Vasquez argues that that he has been denied his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment; that his due process rights under the Fifth Amendment have been violated; and he is entitled to dismissal of the Superseding Indictment under Federal Rule of Criminal Procedure 48(b). *Id.* Accordingly, the Court considers each of these issues in the context of the Motion to Dismiss before turning to the Motion to Sever and finally, the Motion to Exclude Untimely Disclosed Evidence.

### A.  Motion to Dismiss, [R. 290]

#### 1.  Speedy Trial Act

The Speedy Trial Act guarantees a defendant the right to be tried within seventy days of their first court appearance. *See* 18 U.S.C. § 3161(c)(1). However, "[t]his guarantee is tempered by the availability of a broad array of exclusions that may toll the running of the seventy-day period." *United State v. Romo*, No. 14-21, 2015 WL 13839731, *1 (E.D. Ky. Apr. 21, 2015) (citing 18 U.S.C. § 3161(h)). For example, the filing of a pretrial motion stops the clock "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). And delays due to continuances granted by the court are excluded if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(8)(A). Further, "[o]ne of the excludable basis provides for '[a] reasonable period of delay when the defendant is joined for trial with a

codefendant as to whom the time for trial has not run and no motion for severance has been granted.'" *Romo*, 2015 WL 13839731, at *1 (quoting 18 U.S.C.A. § 3161(h)(6)). When this circumstance arises, "the excludable delay of one defendant is ascribed to that of all of his codefendants." *Id.* (quoting *United States v. Cope*, 312 F.3d 757, 776–77 (6th Cir. 2002)) (internal quotation marks omitted). Importantly, the defendant bears the burden of proof when seeking dismissal under the Speedy Trial Act, though the United States has "the burden of going forward with evidence in connection with any exclusion under subparagraph 3161(h)(3)." 18 U.S.C. § 3162(a)(2); *see also United States v. Murphy*, 241 F.3d 447, 453–54 (6th Cir. 2001).

Defendant Vasquez's Speedy Trial Act clock did not begin to run until his last co-defendant (King) was arraigned on June 8, 2022. *See* [R. 143 (Minute Entry for King's Initial Appearance and Rearraignment)]; *United States v. Smith*, 510 F. App'x 390, 393–94 (6th Cir. 2013) (explaining that the complaining defendant's clock did not begin to run until each of his co-defendants had been arraigned). And, as explained in the Court's prior continuance orders, the following time was excluded from the Speedy Trial Act clock: May 31, 2022 through August 30, 2022; August 30, 2022 through November 1, 2022; November 1, 2022 through January 31, 2023; and January 31, 2023 through April 11, 2023. [R. 130; R. 190; R. 226; R. 241]. Most recently, the Court found that the time between April 11, 2023 through the new trial date of July 24, 2023 was also excludable. [R. 284]. The filing of other pretrial motions also tolled the clock. *See* 18 U.S.C. § 3161(h)(1)(D).

Accordingly, no time has run against Vasquez's Speedy Trial Act clock at this time. Vasquez does not provide any alternative calculations. Instead, he baldly declares that he "has made a prima facie case that the government violated the Speedy Trial Act since he has not been brought to trial within the required seventy-day period." [R. 290, p. 9]. From the best the Court

can tell, Vasquez reaches this conclusion because he believes the Court's complexity findings—

and therefore its related Speedy Trial Act findings—are faulty.

Vasquez specifically challenges the Court's prior order, [R. 130], finding this case

complex under 18 U.S.C. § 3161(h)(7)(B). Pointing to this order, Vasquez states:

> In granting the government's request that the case be declared complex, the Court
> noted it should focus on three factors: (1) "the number of defendants," (2) "the
> nature of the prosecution," and (3) "the existence of novel questions of fact or
> law...." *United States v. Strong*, No. 3:17-cr-68-TBR, 2018 U.S. Dist. LEXIS, at *5
> (W.D. Ky. Jan.31, 2018) (Quoting (sic) 18 U.S.C. §3161(h)(7)(B)(ii)). The Court
> made its ruling despite it, and the government, conceding that the single count
> indictment against the defendants—conspiracy to distribute Oxycodone—"is not in
> and of itself overly complex/complicated." Instead, the Court agreed with the
> government that the case was complex based solely on "the voluminous discovery,
> and the number of defendants . . . ." [DN130, p.2].

[R. 263, p. 4]. This is an incorrect characterization of that order. While it is true that the Court

agreed that the conspiracy charge in this case was "not in and of itself overly

complex/complicated," [R. 130, p. 2 (quoting R. 129, p. 2)], the Court cited to a host of other

factors that supported a finding of complexity, including: the fact that this case involved eleven

defendants; the underlying conspiracy involved a Louisville-based drug trafficking organization

that allegedly distributed upwards of 100,000 oxycodone pills to persons in multiple Eastern

Kentucky counties; the investigation into this conspiracy had lasted over a year and involved

multiple law enforcement agencies, based both in and outside of Kentucky; there was

voluminous discovery stemming from this investigation; and said discovery was still growing

and included pole camera video surveillance, search warrants, bank records, ping data, recorded

interviews, and at least two Title III wiretaps. *Id.* at 2–3. These factors are more than sufficient to

support the Court's complexity finding. *See generally United States v. Marlow*, No. 3:18–CR–6–

TWP–DCP, 2018 WL 1702897 (E.D. Tenn. Apr. 6, 2018); *United States v. Strong*, No. 3:17-

CR–68–TBR, 2018 WL 660637 (W.D. Ky. Jan. 31, 2018). Further, the Court need not address

all three of the above-listed factors. *See Marlow*, 2018 WL 660637, at *2 (addressing the number of defendants and the nature of the prosecution but not the existence of novel legal or factual questions); *Strong*, 2018 WL 660637, at *2–3 (same).

On this point, the Court feels compelled to address a statement made in Vasquez's Motion to Dismiss. Vasquez cites to the Court's statement in a continuance order[3] that the case "has been declared complex for a variety of reasons, including, but not limited to, the number of defendants, the length of the underlying investigation, and the volume and type of discovery involved." *See* [R. 290 p. 6]; [R. 284]. Vasquez then goes on to state, "The Court failed to acknowledge that the 'reasons' for the previous continuances have been a moving target, and not consistent." *Id.* The Court is at a loss as what this statement—which is not explained further in the motion—could possibly mean. The reasons that this case has been declared complex, cited above, have not changed during the course of this criminal prosecution.

Vasquez also appears to argue that the Court's complexity findings are insufficient. In his Motion to Dismiss, he argues,

> Based on the telephonic conference with the Court on March 29, 2023, it is very likely that the "number of defendants" will be significantly reduced based on agreements with the government. [DN288]. "[T]he length of the underlying investigation" should never be a reason for delaying an accused's right to due process and a speedy trial. The government is solely responsible for completing "the underlying investigation" prior to returning an indictment, and moving to detain the accused. Finally, "the volume and type of discovery involved," in this case is not unique. Most federal drug cases have the same volume and type of discovery that has been received from the government. What is unique is that the government has been able to delay disclosing required discovery for one year, while Vasquez is detained in the county jail and awaiting trial.

---

[3] Vasquez quotes from the Court's order but fails to provide a citation to that order. Prior to making this comment, however, Vasquez had cited to the Court's order at R. 241. But the Court believes that Vasquez intended to cite to the Court's order at R. 284.

[R. 290, p. 8]. Vasquez provides no authority, binding or persuasive, to support these statements. Nevertheless, the Court briefly addresses these arguments. First, there are eleven defendants in this case, ten of whom have not pleaded guilty. *See* [R. 275 (Rearraignment Minutes for Christopher King)]. The Court will not speculate as to whether any other defendants may plead guilty, and regardless, the Court's initial complexity analysis would not change simply because some defendants decided to enter guilty pleas at a much later date. Second, "the length of the underlying investigation" is a valid factor for the Court to consider when determining complexity, as it relates to the scope of the underlying conspiracy (which lasted well over a year, *see* [R. 54]) and the breadth of discovery. *See generally Marlow*, 2018 WL 1702897, at *2. Further, the Court's references to the "underlying investigation" are references to the work of law enforcement agencies that investigated the conspiracy, as it relates to the expansive nature of that conspiracy; it is not a comment on the length of time the United States took to bring charges. Lastly, to the extent Vasquez argues that the volume and type of discovery involved in this case is not unique, the Court disagrees. As already explained in great detail in the Court's prior orders and above, this case involves pole camera video surveillance, search warrants, bank records, ping data, recorded interviews, and at least two Title III wiretaps. This type of discovery warrants a complexity finding. *Id.* This is hardly the garden-variety drug trafficking conspiracy case.

Further, to the extent that Vasquez feels that the Court's continuance orders "did not grant the continuance[s] based on 'voluminous' or outstanding discovery," [R. 263, p. 5; R. 290, pp. 4–5], the Court would direct Vasquez and his counsel to the Speedy Trial Act paragraph of each of those orders. [R. 190, pp. 3–4, ¶ 7; R. 226, p. 3, ¶ 6; R. 241, p. 3, ¶ 6]. In those paragraphs, the Court explicitly references its prior order, [R. 130], finding the case complex and finds that, *for the reasons stated in that order*, "this case is so unusual or so complex that it is

11

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161." *See, e.g.*, [R. 241, p. 3, ¶ 6 (citing [R. 130]; 18 U.S.C. § 3161(h)(7)(A); (h)(7)(B)(ii)).

Lastly, the Court feels compelled to address another allegation made by Vasquez during his attack on the Court's continuance orders.  In his Motion to Sever, Vasquez appears to challenge the Court's prior continuance orders to the extent they overruled his objections. For example, Vasquez notes that the Court overruled his objections because they were "too bald to be deemed a developed argument for the Court to consider," and he then states, "The Court is in error." [R. 263, p.5 n.3]. But he provides no explanation or support for this statement, other than to cite case law that explains the purpose and importance of the right to a speedy trial. *Id.* To be clear, the Court overruled Vasquez's prior motions primarily because they were entirely undeveloped, not because the Court discredited the value of his speedy trial rights.

In sum, the Court has made sufficient complexity findings under the Speedy Trial Act, and at this time, no time has run against Vasquez's Speedy Trial Act clock. The Court will therefore deny his Motion to Dismiss, [R. 290], on these grounds.

### 2.  Sixth Amendment

The Sixth Amendment also guarantees "the right to a speedy and public trial." U.S. Const. amend. VI. Generally, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated." *United States v.* Dell, 247 F.3d 655, 667 (6th Cir. 2001). Nevertheless, in *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court explained the specific factors a court should consider when determining if there has been a violation of the Sixth Amendment:

> Whether there has been a violation of the constitutional right to a speedy trial is a fact-intensive inquiry requiring the balancing of "whether delay before trial was

12

uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."

*Cope*, 312 F.3d at 777–78 (quoting *Doggett*, 505 U.S. at 651). The Supreme Court has succinctly described these four factors as "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (citations omitted). The Supreme Court has also explained that the first factor, the length of the delay, "is to some extent a triggering mechanism." *Id.* In fact, "[u]ntil there is some delay which is *presumptively prejudicial*, there is no necessity for inquiry into the other factors that go into the balance." *Id.* (emphasis added); *see also Doggett*, 505 U.S. at 651–52.

### a. Length of Delay

In the present case, Vasquez was initially indicted on March 24, 2022. [R. 1]. It has therefore been just over one year since he was charged in this case.[4] The question then becomes, is this a presumptively prejudicial delay? Due to "the imprecision of the right to a speedy trial," the length of a presumptively prejudicial delay "is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. For example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531. In some cases, a one-year delay between the indictment and trial has been considered presumptively prejudicial. *See Doggett*, 505 U.S. at 652 n.1. In other cases, "much longer periods of delay have been found not to be presumptively prejudicial." *Romo*, 2015 WL 13839731, at *2 (citing *Maples v. Stegall*, 427 F.3d 1020, 1031 (6th Cir. 2005) (collecting

---

[4] And it has been less than a year since Vasquez's last co-defendant was arraigned on June 8, 2022, the day on which his Speedy Trial Act clock began to run. *See* [R. 143 (Minute Entry for King's Initial Appearance and Rearraignment)]; *Smith*, 510 F. App'x at 393–94 (explaining that the complaining defendant's clock did not begin to run until each of his co-defendants had been arraigned).

cases)). Ultimately, "[i]f the length of the delay is not 'uncommonly long,' then judicial examination ends." *Maples*, 427 F.3d at 1026 (citing *Doggett*, 505 U.S. at 652).

In a case of such complexity and seriousness, and involving such voluminous discovery, a delay of this length (roughly one year) is not "uncommonly long" and does not necessarily qualify as presumptively prejudicial. Regardless, even assuming that there is a presumptively prejudicial delay in this case, the other factors cited above counsel against finding a Sixth Amendment violation.

### b. Reason for the Delay

The "reason for the delay" factor requires the court to determine "whether the government or the criminal is more to blame for [the] delay." *Maples*, 427 F.3d 1026 (quoting *Doggett*, 505 U.S. at 651) (internal quotation marks omitted). Because "the prosecutor and the court have an 'affirmative constitutional obligation' to try the defendant in a timely manner," the burden rests on the prosecution to explain the reason for the delay. *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997) (quoting *Redd v. Sowders*, 809 F.2d 1266, 1269 (6th Cir. 1987)) (internal quotation marks omitted).

Here, there is no evidence suggesting that the reason for the delay has been due to the United States' "bad faith, harassment, or attempts to seek a tactical advantage." *Id.* (explaining that such delays weigh heavily against the government); *see also Barker*, 407 U.S. at 531 (explaining the difference between "deliberate attempt[s] to delay the trial in order to hamper the defense" and "more neutral reason[s] such as negligence or overcrowded courts"). Instead, Vasquez takes issue with the United States' delay in providing discovery. *See, e.g.*, [R. 263, pp. 4–6; R. 290, pp. 7–10]. More specifically he cites to the United States' alleged "lack of diligent preparation." [R. 290, p. 9]. He contends that the United States "failed to disclose any required

discovery within the schedule set by the Court following Vasquez's initial hearing," presumably referring to his initial appearance and arraignment on March 30, 2022. *Id.*; *see also* [R. 18 (Initial Appearance and Arraignment Minutes); [R. 21 (Scheduling Order)]. He also argues that "the government never advised the Court that discovery would not be timely completed by the subsequent trial dates," and "the government has never sought leave of court for its tardy and untimely discovery disclosures." [R. 290, p. 9].

As an initial matter, the Court notes that its scheduling orders in this case, including the one entered by the Court on the day of Vasquez's arraignment, [R. 21], do not set firm deadlines for the general production of discovery.[5] Rather, the Court's Standing Pretrial and Trial Management Order, *see, e.g.*, [R. 21-1], orders the United States to "fully comply with its obligation to disclose evidence in accordance with Rule 16(a) of the Federal Rules of Criminal Procedure." *Id.* at 1.  It further orders the United States to disclose pretrial "any *Brady* material discoverable under Rule 16(a)(1)" and disclose "all other *Brady* material in time for effective use at trial." *Id.* at 2. The order further reminds the parties of their continuing obligations under Rule 16(c) "to disclose additional discoverable evidence or material previously requested or ordered." *Id.* at 3. Accordingly, to the extent Vasquez argues that the United States has failed to timely produce discovery, he essentially argues that the United States has failed to comply with its Rule 16 obligations.

Rule 16 provides,

> *Upon a defendant's request*, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible

---

[5] The Court's standing order sets out deadlines for providing Rule 404(b) notice and expert testimony disclosures, *see* [R. 21-1, p. 5], but these deadlines do not seem to be at issue in this case. While Vasquez makes reference to Rule 16's requirement to disclose in writing the testimony that it tends to use at trial under Federal Rules of Evidence 702, 703, or 705 (i.e., expert disclosures), [R. 293, p. 2], he makes no argument relating to that obligation.

objects, buildings or places, or copies or portions of any of these items, if the item
is within the government's possession, custody, or control and:
      (i) the item is material to preparing the defense;
      (ii) the government intends to use the item in its case-in-chief at trial; or
      (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E) (emphasis added).[6] If a party fails to comply with his or her

discovery obligations under this rule, the Court may, in its discretion, sanction that party. *See*

Fed. R. Crim P. 16(d)(2).

      Here, Vasquez does not argue, nor even suggest, that he made any request to the United

States for any Rule 16 discovery. Instead, the discovery timeline provided by the United States

indicates that it has consistently made discovery available to the defendants as those materials

became available to the United States. First, on April 5, 2022—prior to the issuance of the

Superseding Indictment—the United States advised defense counsel, including Vasquez's

attorney, that the entirety of the pole camera footage was available. [R. 309-1]. On May 12,

2022, the United States followed up with defense counsel, including Vasquez's attorney, about

the size of discovery and the size of the pole camera footage, which would require the attorneys

to provide several thumb drives and hard drives.[7] [R. 309-2]. Only four defendants—Allison

Renee Rogers, Kaid Rogers, Yoleisys Reyes, and Floyd Barker—provided these external storage

devices to the United States at that time. [R. 309, p. 1]. On June 17, 2022, the United States

corresponded with counsel for those four defendants, advising that an even larger hard drive

would be necessary, or alternatively, the attorneys could "schedule a time to come in and review

the pole cam footage with our office." *Id.*; [R. 309-3]. Those four attorneys decided to wait until

the pole cam footage had been narrowed down to its relevant portions. [R. 309, p. 1].

---

[6] Vasquez cites to this specific provision in his Motion to Exclude Untimely Disclosed Evidence, [R. 293, pp. 1–2].

[7] Vasquez acknowledged this in his objections to the United States continuance motion, [R. 91], but nevertheless complained that he "had not received any discovery from the Government" at that time. [R. 123, p. 2].

Meanwhile, on May 25, 2022, less than one month after the Superseding Indictment issued, the United States sent out its first batch of voluminous discovery, including aerial photographs, surveillance footage, drone footage, jail calls, pen register data, ping data, recorded calls, recorded interviews, and wire taps, among other things. [R. 300, p. 1; R. 300-1]. A second batch was provided on June 22, 2022, which appears to include banking data from four financial institutions. [R. 300, pp. 1–2; R. 300-2]. During this time, the United States had obtained search warrants for multiple defendants' phones. *Id.* at 2. Each phone was encrypted and took weeks to access. *Id.* Once the content of the devices was accessible, it was discovered that "nearly all relevant conduct was in Spanish." *Id.* The Drug Enforcement Agency ("DEA") therefore had to utilize a third-party to translate the materials, which took "an extended amount of time." *Id.* However, the United States offered to provide defense counsel access to the original, untranslated versions of these "phone dumps" on November 14, 2022. *Id.*; [R. 300-3]. None of the defendants took the United States up on that offer. [R. 294, pp. 1–2].

The United States received translated portions of the phone dumps back in late February and early March of this year. [R. 300, p. 2]. These translated materials were provided to defense counsel on March 7, 2023. *Id.* At the March 29, 2023 telephonic status conference with the Magistrate Judge, the United States advised that it expected the remaining translated portions to be provided to the government within the next two weeks. *Id.* By April 14, 2023, the United States had received "all relevant materials from the DEA." [R. 302, p. 2]. "Nearly all of the phone dumps were provided to defense counsel on that day," with the exception of Christopher King's phone, which was too large to upload to USAfx, the United States' file-sharing system. *Id.*; *see also* [R. 294, p. 1]. Shortly thereafter, the United States began copying the relevant pole camera videos and the remainder of the phone dumps onto the external drives provided by

defense counsel. [R. 304, p. 2]. The United States has confirmed that it mailed to Vasquez's defense attorney the relevant pole camera videos and the remainder of the phone dumps on April 27, 2023. [R. 304, p. 2].

Vasquez now takes issue with the United States' production of discovery. He repeatedly argues that, at the time the United States filed its Motion to Continue, [R. 91], on May 13, 2022, "the government had yet to provide *any* discovery to Vasquez." *See, e.g.*, [R. 290, p. 3]. However, these statements are disingenuous at best and fly in the face of the discovery timeline outlined above and specifically, the availability of the pole camera footage as early as April 5, 2022. [R. 309-1]. Vasquez did not pursue the United States' offer to provide the pole camera footage in its entirety at that time, nor did he request the untranslated phone dumps, despite the United States' offer to provide these materials. Moreover, the first and second batches of discovery—provided May 25, 2022 and June 22, 2022—provided voluminous discovery, including aerial photographs, surveillance footage, drone footage, jail calls, pen register data, ping data, recorded calls, recorded interviews, and wiretap information, just to name a few examples. *See* [R. 300-1; R. 300-2].

Having made the choice to wait for the relevant portions of the pole camera footage and the translated versions of the phone dumps, Vasquez now complains that the United States "has been anything but diligent in the preparation of this case." [R. 290, p. 9]. The Court disagrees. The discovery outline provided by the United States indicates that many discovery materials, including all pole camera footage, has been available to defense counsel for over a year (since April 5, 2022), and the untranslated phone dumps have been available for nearly six months (since November 14, 2022). Further, it appears that the United States made discovery available as those materials were provided to the United States from law enforcement agencies or third-

party translators; there is no evidence that the United States simply "sat" on any discovery materials. Further, Vasquez has not identified any wrongfully withheld discovery, nor explained how the United States' production of discovery had been delayed due to the government's negligence or lack of due diligence.

Instead, Vasquez argues, without citation to any authority whatsoever, that the United States' offer to provide access to the original versions of the video footage and phone dumps "does not meet the government's discovery obligation under Rule 16." [R. 310-1, p. 3]. Vasquez insists that the United States satisfies its Rule 16 obligations only upon disclosing the specific items that it wishes to use in its case-in-chief, again citing no authority. The Court finds this argument to be without merit. The United States voluntarily made available all of the pole camera footage and all untranslated phone dumps, in addition to providing the specific video footage relevant to trial, the translated phone dumps, and other discovery materials at later dates. Similar voluntary disclosures by the government have satisfied Rule 16. *See United States v. Gregg*, 414 F.2d 943, 948 (7th Cir. 1969). Further, Vasquez does not explain how the United States prompt production of the specific video footage and the translated phone dumps, once that material was available, violates Rule 16 or is otherwise untimely or improper.

The Court also notes that it ordered any defendant who took issue with the United States' discovery timeline to file a motion with the Court on or before May 5, 2023. *See* [R. 303]. No defendant filed any such motion or voiced an objection to the United States' timeline. Given the timeline of discovery progress outlined above—which no defendant disputes—the Court finds that the United States has complied with its obligations under Rule 16 and the Court's Standing Pretrial and Trial Management Order.

Moreover, as this Court has already explained, discovery in this case is voluminous and involves wiretaps, recorded interviews, ping data, bank account records, and so on. The discovery process in a complex case like this one often takes longer than in a less complex case. *See, e.g.*, *United States v. Bohn*, 281 F. App'x 430, 438 (6th Cir. 2008) (finding that the delay attributable to the United States exceed a year, but "the delay was not uncommonly long given the complicated nature of the conspiracy"); *United States v. Mulligan*, 520 F.2d 1327, 1332 (6th Cir. 1975) ("To the extent that delay may be attributable to the complexity of the case, tolerance may be shown." (citations omitted)); *United States v. Jumaev*, 20 F.4th 518, 534 (10th Cir. 2021) (finding that discovery delay lasting more than six years was substantial but justified considering the voluminous discovery, the need to translate the materials from uncommon languages, and the need to comply with the Classified Information Procedures Act). Further, the United States sought only one continuance, and the remaining Motions to Continue were filed by co-defendants.

The Court therefore finds that the government has pursued this litigation with reasonable diligence considering the complex nature of the case and the volume and types of discovery. Vasquez has had multiple opportunities to review discovery made available by the United States and has declined to do so. This factor—the reason for the delay—therefore weighs against finding a Sixth Amendment violation.

### c. Defendant's Assertion of the Right

The next factor considers whether and to what extent the defendant has asserted his right to a speedy trial. The Sixth Circuit has found that this factor weighs "strongly" in a defendant's favor where he "vigorously . . . asserted his right over the course of months." *Maples*, 427 F.3d at 1030. In the present case, Defendant Vasquez has repeatedly objected to continuances based

on his dissatisfaction with the pace of pretrial proceedings; however, he has expended virtually no effort to develop any speedy trial arguments (either under the Speedy Trial Act or the Sixth Amendment) until his most recent objections and his Motion to Sever. *See* [R. 263; R. 264]. Even in those objections and his Motion to Sever, Vasquez fails to address in any detail the standards and factors outlined above, or even distinguish between a Speedy Trial Act analysis and the standard required to demonstrate a Sixth Amendment violation. *See id.* He did not file a Motion to Dismiss, [R. 290], on speedy trial grounds until April 10, 2023, and only then did he attempt to develop his analysis (at least with respect to his Speedy Trial Act and Sixth Amendment arguments). As a result, the Court cannot say that Vasquez has "vigorously" asserted his right a speedy trial prior to filing his Motion to Dismiss. Nevertheless, the Court acknowledges that this factor weighs in Vasquez's favor, though not "strongly." And even if the Court found that Vasquez vigorously asserted his right, the other factors clearly weigh in favor of finding no Sixth Amendment violation.

### d. Prejudice to the Defendant

Lastly, Vasquez must establish prejudice stemming from the delay in this case. Importantly, because the Court found that the United States pursued this prosecution with reasonable diligence, the delay here "does not carry any presumptive prejudice." *United States v. Baugh*, 605 F.App'x 488, 492 (6th Cir. 2015) (citation omitted). As a result, Vasquez must demonstrate how the delay has prejudiced his defense. *Id.* (citation omitted). If he "cannot demonstrate how his defense was prejudiced with specificity [then he] will not make out a speedy trial claim no matter how great the ensuing delay." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) (citing *Doggett*, 505 U.S. at 656); *see also United States v. Felix*, No. 1:17-cr-009, 2019 WL 2027226, at *10 (S.D. Ohio May 8, 2019) (citation omitted).

The Supreme Court has explained that this prejudice factor "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. These interests include "(1) preventing oppressive pretrial incarceration of the defendant; (2) minimizing the anxiety and concern that a trial delay would cause the defendant; and (3) limiting the possibility that the delay will impair the defense." *Id.* (citations omitted). Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.*

In Vasquez's most recent objections to a continuance, he complains that he "has been detained in custody" during these pretrial proceedings. [R. 263, p. 2]. In his Motion to Dismiss, he similarly argues that he has suffered prejudice because he "has been subjected to oppressive pretrial incarceration and unreasonable anxiety and concern over the overcome (sic) of his charges, and the timing, including delays, of his trial." [R. 290, p. 11]. Vasquez's complaints can therefore be described as "non-trial prejudice." *See Felix*, 2019 WL 2027226, at *10 (describing claims of trial and non-trial prejudice).

The Court is of course sympathetic to Vasquez's continued incarceration and the anxiety and concern that surrounds a defendant before trial. *See id.* ("Pretrial detention is a significant deprivation to any defendant."). However, given the complex nature of this case and the voluminous discovery, the Court does not find that these interests outweigh the "compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof." *Corbett*, 615 F.2d at 725; *see also Dean v. Marshall*, No. 88-3515, 1989 WL 81576, at *4 (6th Cir. July 24, 1989) (finding that the petitioner's reliance on "the anxiety inherent in any delay" was, "standing alone," insufficient to establish prejudice for speedy trial purposes). And to the extent Vasquez argues that "the government has been

negligent, at best, in causing the delays of Vasquez's trial," the Court has already found that the United States has been diligent in pursuing this litigation; there is no evidence of negligence. Further, the type of non-trial prejudice complained of by Vasquez "carries less weight than trial prejudice." *Felix*, 2019 WL 2027226, at *11.

　　　　With respect to "trial prejudice," there is no suggestion whatsoever that Vasquez's continued incarceration or any continuances in this case have in any way limited defense counsel's ability to prepare for trial or otherwise impaired the defense. *See generally United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987) (finding no Sixth Amendment speedy trial violation where the defendant complained that his continued incarceration prejudiced his defense but failed "to explain how a speedy trial would have ameliorated the prejudice"). In other words, he has not established—nor even argued—that he has suffered from "trial prejudice." *See Felix*, 2019 WL 2027226, at *10–11 (distinguishing between trial and non-trial prejudice). There is no suggestion, for instance, that any key witnesses are or will become unavailable. *See Maples*, 427 F.3d at 1032–33 (finding that unavailability of witnesses and co-defendant prejudiced the defendant); *Mulligan*, 520 F.2d at 1332–33 (finding no speedy trial violation where the defendants could not cite specific examples of a witness's impaired memory or the unavailability of any witnesses). Further, in his most recent objections, Vasquez objects to the United States' allegedly untimely discovery, but notes that he reviewed that discovery and was prepared to proceed to trial. *See* [R. 263, p. 6]. And, at Vasquez's request, the Court extended the defensive motions deadline to May 19, 2023. [R. 288]. As noted above, the defendant's interest in preparing for trial is the most serious, and here, there is no indication that this interest has been implicated by any of the continuances.

In sum, the Court has balanced the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant," *Barker*, 407 U.S. at 530, and finds that these factors weigh against finding a violation of the Sixth Amendment guarantee to a speedy trial. The Court will therefore deny the Motion to Dismiss, [R. 290], on those grounds.

### 3.  Fifth Amendment

In both this Motion to Sever and Motion to Dismiss, Vasquez references the Fifth Amendment, [R. 263, p. 1; R. 264, p.1; R. 290, p. 1], but makes no efforts whatsoever to develop any of those due process arguments. Importantly, the Fifth Amendment's due process clause protects against prejudicial *preindictment* delays. *See United States v. McLemore*, 447 F. Supp. 1229, 1233 (E.D. Mich. 1978) (explaining the difference between the Fifth and Sixth Amendments and the standard for considering a claim of prejudicial preindictment delay).

But here, Vasquez's arguments focus only on his *postindictment* proceedings. *See* [R. 263; R. 264; R. 290]. Further, in its Supplemental Response, the United States argued that Vasquez had inappropriately cited to the Fifth Amendment and failed to "make any specific arguments whatsoever concerning Fifth Amendment due process violations." [R. 308, p. 1, n.1], Vasquez made no attempt to clarify any claims of preindictment delay in his Supplemental Reply, [R. 310-1]. Accordingly, to the extent he intended to raise a claim of prejudicial *preindictment* delay, he has wholly failed to develop that argument, and the Court therefore considers it waived. *See generally Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (indicating that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (citation omitted)); *Salmon v. Old Nat'l Bank*, No. 4:08–CV–00116–JHM, 2012 WL 4213643, at *16 (W.D. Ky. Sept. 19, 2012) ("[S]ince Defendant has failed to support its argument with any legal authority, the Court deems its

argument waived."); *Singleton v. Astrue*, 2010 WL 6004448, at *3 (E.D. Ky. June 28, 2010) ("It is well-established that courts '[are] not obligated to consider unsupported arguments inadequately developed in the briefs.'" (quoting *Lewless v. Sec'y of Health and Hum. Servs.*, 19994 WL 201887, at *4 (6th Cir. May 23, 1994))). Accordingly, to the extent Vasquez seeks dismissal of the Superseding Indictment under the Fifth Amendment, his motion will be denied.

### 4.  Federal Rule of Criminal Procedure 48

Lastly, Vasquez seeks dismissal of the Superseding Indictment under Rule 48. That rule allows the Court to "dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Fed. R. Civ. P. 48(b)(3). This provision "was designed, in large part, to implement the speedy-trial guarantee of the Sixth Amendment and, while the protection it affords is broader than that of the Sixth Amendment operating proprio vigore, the same elements of analysis may be considered and the same type of prejudice is relevant." *McLemore*, 447 F. Supp. 1229, 1234 (E.D. Mich. 1978) (citations omitted).

In the present case, Vasquez apparently relies entirely on his Sixth Amendment arguments when requesting dismissal under Rule 48. [R. 290, p. 11]. He makes no attempt to distinguish any Rule 48 arguments from his Sixth Amendment claims. The Court has already considered those Sixth Amendment claims and has explained that there has been no violation of Vasquez's Sixth Amendment right to a speedy trial. For those same reasons, the Court will deny his Motion to Dismiss to the extent it seeks dismissal under Rule 48.

### B.  Motion to Sever, [R. 264]

Pursuant to Federal Rule of Criminal Procedure 8, "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

Fed. R. Crim P. 8(b). As the Sixth Circuit has explained, "[t]he joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982); *see also United States v. Teadt*, 653 F. App'x 421, 424 (6th Cir. 2016). Here, as noted above, the Superseding Indictment contains a single count, alleging that each of the defendants was involved in the same drug-trafficking conspiracy. *See* [R. 1; R. 54]. There can be little debate, then, that this charge "arises out of the same act or transaction or series of acts or transactions." Fed. R. Crim. P. 8(b). Further, Defendant Vasquez does not dispute that joinder of the defendants in this case is proper under Rule 8(b). The Court therefore finds that the defendants in this case were properly joined in the Superseding Indictment.

When multiple defendants are properly joined in a single indictment, there is a preference that they be tried together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together."). The Sixth Circuit has described this preference as "a strong policy presumption . . . in favor of joint trials when charges will be proved by the same evidence and result from the same acts." *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004) (citation omitted). This is because joint trials "play a vital role in the criminal justice system." *Zafiro*, 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)) (internal quotation marks omitted). For example, "[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Id.* (quoting *Richardson*, 481 U.S. at 210).

However, Federal Rule of Criminal Procedure 14 allows for severance under certain circumstances. That rule provides that, "[i]f the joinder of offenses or defendants in an

26

indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim P. 14(a). Stated another way, this rule allows the district court to "sever" properly joined defendants if joinder prejudices a defendant. In the context of a Rule 14 motion for severance, "prejudice" means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

The defendant seeking severance bears the burden of demonstrating such prejudice. *United States v. Grant*, No. 3:21-CR-44-RGJ-CHL, 2022 WL 2116409, at *1 (W.D. Ky. June 13, 2022) (citing *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005)). The Sixth Circuit has described this as "a strong burden," requiring the movant to "demonstrate substantial, undue, or compelling prejudice." *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999) (citation omitted); *see also United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (noting the "high standard required to prevail on a severance motion"). Where a defendant shows only speculation of prejudice, he has failed to satisfy that burden. *See United States v. Giokai*, 555 F. App'x 581, 587–88 (6th Cir. 2014).

The Supreme Court has described "[t]he severance of a trial of [multiple] defendants who were jointly indicted [as] an extraordinary remedy" that should be employed only if the movant sufficiently demonstrates a risk of prejudice. *Zafiro*, 506 U.S. at 539. And even where prejudice is shown, Rule 14 does not require severance; "rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id.* (citations omitted). Ultimately, the "determination of risk of prejudice and the remedy that may be necessary [is left] to the sound discretion of the trial judge." *United States v. Odom*, 13 F.3d 949, 958 (6th Cir. 1994) (citing

*Zafiro*, 506 U.S. at 539). In exercising this discretion, trial court should "carefully weigh the possible prejudice to the accused against the often equally compelling interests of the judicial process, which include the avoidance of needlessly duplicative trials involving substantially similar proof." *Corbett v. Bordenkircher*, 615 F.2d 722, 725 (6th Cir. 1980) (quoting *United States v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977)).

In his Motion to Sever, Vasquez makes vague assertions that his right to a speedy trial under the Speedy Trial Act has been violated, yet he expends virtually no effort to develop those arguments. *See* [R. 263; R. 264]. Such speculative and unsupported arguments are insufficient. *See generally Giokai*, 555 F. App'x at 587–88. Nevertheless, the Court has considered Vasquez's speedy trial arguments in his Motion to Dismiss, [R. 290], and to the extent he relies on these same arguments in his Motion to Sever, the Court finds them to be equally unpersuasive. As the Court has already explained, this matter has been appropriately defined as complex under the Speedy Trial Act and no time has run against Vasquez's Speedy Trial Act clock. The Court has also evaluated the *Doggett* factors and found no Sixth Amendment violation, nor any indication that the government has acted without due diligence throughout the discovery process.

The Court therefore finds that Vasquez has failed to demonstrate that his joinder in this trial has caused any prejudice—much less "substantial, undue, or compelling prejudice," *Davis*, 177 F.3d at 558—to his right to a speedy trial under the Speedy Trial Act or the United States Constitution. *See generally Cope*, 312 F.3d at 777 (finding the defendant failed to prove a Speedy Trial Act violation where twenty-one nonexcludable days had passed). Further, while the Court is mindful of Vasquez's continued detention and desire to proceed to trial, this case involves multiple defendants and a single conspiracy charge, and severance would lead to

28

"needlessly duplicative trials involving substantially similar proof." *Corbett*, 615 F.2d at 725. The Court will therefore deny Vasquez's Motion to Sever, [R. 264].

### C.  Motion to Exclude Untimely Disclosed Evidence, [R. 293]

In this motion, Vasquez asks the Court "to preclude the government from using, directly or indirectly, any evidence not timely disclosed for effective use at trial." [R. 293, p. 1]. For support, he cites to the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 16(a)(1)(E), and argues that "[t]he government's failure to timely provide discovery has denied Vasquez his right to effective assistance of counsel, a fundamentally fair trial, due process of law, and his constitutional and statutory rights to a speedy trial." [R. 293, pp. 1, 5].

The bulk of these arguments have been addressed above, and the Court has found that there has been no violation of Vasquez's statutory or constitutional right to a speedy trial and certainly no violation resulting from delayed discovery. The Court has further found that the United States has complied with Rule 16 and the Court's scheduling orders, as evidenced by the discovery timeline provided by the United States, which no defendant disputes.

To the extent that Vasquez argues his counsel is now unable to effectively assist him due to the progress of discovery in this case, the Court finds that argument to be refuted by defense counsel's own statements. As already noted, defense counsel objected to the untimely discovery in response to the last continuance motion, but nevertheless stated that he would be prepared to proceed to trial on April 11, 2023, and "the untimely disclosed discovery is not so voluminous as to preclude defense counsel from adequately preparing Vasquez's defense, and providing effective assistance of counsel." *See* [R. 263, p. 6]. Thus, to the extent he seeks to "preclude the government from using, directly or indirectly, any evidence not timely disclosed for effective use at trial," [R. 293, p. 1], he has identified no such evidence. Further, at Vasquez's request, the

29

Court extended the defensive motions deadline to May 19, 2023, to allow defense counsel adequate time to review discovery and prepare any such motions. [R. 288].

Simply stated, Vasquez has not explained how any discovery in this matter has been untimely disclosed or violates Rule 16 or any order of this Court, or has resulted in a threat to his constitutional or statutory rights. The Court will therefore deny Vasquez's Motion to Exclude Untimely Disclosed Evidence, [R. 293].

### III.     CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Defendant Vasquez's Motion to Sever, [**R. 264**], is **DENIED**.

2. Defendant Vasquez's Motion to Dismiss, [**R. 290**], is **DENIED**.

3. Defendant Vasquez's Motion to Exclude Untimely Disclosed Evidence, [**R. 293**], is **DENIED**.

4. Defendant Vasquez's Motion for Leave to File Supplemental Reply Out of Time, [**R. 310**], is **GRANTED**.

This the 9th day of May, 2023.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY